**Herman J. BASS, Plaintiff–Appellant,**

**v.**

**SOCIAL SECURITY ADMINISTRA-TION, Defendant–Appellee.**

No. 87–2695.

United States Court of Appeals,
Ninth Circuit.

Submitted May 26, 1988 *.

Memorandum Aug. 25, 1988.

Opinion April 18, 1989.

Stephen Meagher, Asst. U.S. Atty., Oakland, Cal., Susan Wakshul, Robin Kaplan, Office of the General Counsel, Social Sec. Admin., Baltimore, Md., for defendant-appellee.

Herman J. Bass, pro se.

Before BRUNETTI, KOZINSKI and THOMPSON, Circuit Judges.

PER CURIAM:

Herman Bass appeals pro se the district court's order dismissing his complaint for lack of subject matter jurisdiction. We affirm.

On December 27, 1968, appellant filed an application with the Social Security Administration (SSA) for a period of disability and disability insurance benefits. He was

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

granted disability benefits for a period beginning June 30, 1966.

On September 22, 1981, the SSA notified appellant that his benefits would be suspended for the period of January 1981 through March 1981 because he had been incarcerated in a correctional facility as a result of a felony conviction. On November 2, 1981, the SSA notified appellant that his benefits would be suspended for a period beginning September 1981 because he was incarcerated in a correctional facility as a result of a felony conviction. On November 20, 1983, appellant was notified that his benefits would resume as of October 1983.

On July 23, 1984, the SSA notified appellant that he had been overpaid disability benefits. The letter informed him of his rights regarding the SSA's recovery of the overpayment and stated that he could appeal by requesting reconsideration of the initial determination within 60 days or he could request a waiver of the overpayment.

Instead of exercising either of these two options, on April 29, 1987, appellant filed this pro se civil action challenging the agency's actions. The secretary moved to dismiss the complaint for lack of subject matter jurisdiction. The district court granted the motion to dismiss.

A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction. *See Heckler v. Ringer,* 466 U.S. 602, 617, 104 S.Ct. 2013, 2022, 80 L.Ed.2d 622 (1984); *Ensey v. Richardson,* 469 F.2d 664, 666 (9th Cir.1972).

Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim. To obtain a hearing, the claimant must (1) present a claim to the Secretary and obtain an initial determination (20 C.F.R. § 404.900(a)(1)); (2) seek reconsideration (20 C.F.R. §§ 404.-900(a)(2), 404.909, 404.920); and (3) after reconsideration, request a hearing before an administrative law judge (20 C.F.R. §§ 404.900(a)(3), 404.933). The decision made following the hearing does not become the final decision of the Secretary until the claimant requests review by the appeals council, and the appeals council either grants or denies review. 20 C.F.R. §§ 404.900(a)(5), 404.955, 404.981.

Appellant has failed to request a reconsideration, a hearing before an administrative law judge, or review by the appeals council. Accordingly, the district court did not err in dismissing his complaint for lack of subject matter jurisdiction.

Furthermore, appellant has failed to satisfy any of the limited exceptions to the exhaustion requirement. Exhaustion may be waived by the Secretary. *Weinberger v. Salfi,* 422 U.S. 749, 766–67, 95 S.Ct. 2457, 2467–68, 45 L.Ed.2d 522 (1975). The Secretary has not waived appellant's exhaustion requirement. A district court will waive the exhaustion requirement if, and only if, the claimant satisfies a three-part test: "[t]he claim at issue must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that refusal to the relief sought will cause an injury which retroactive payments cannot remedy (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Cassim v. Bowen,* 824 F.2d 791, 795 (9th Cir.1987). First, appellant's claim is not collateral to his substantive claim of entitlement, but rather directly concerns his substantive claim. Second, administrative proceedings would not be futile for appellant's claim but would be necessary in order to establish a detailed factual record and permit the agency to apply its expertise. Appellant has failed to satisfy the three-part test and accordingly is not eligible for waiver of the exhaustion requirement.

AFFIRMED.