892 F.2d 85
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Benjamin WINTER, M.D., Plaintiff-Appellant,
v.
CALIFORNIA MEDICAL REVIEW, INC., Otis R. Bowen, Department
of Health & Human Services, and Richard P.
Kusserow, Defendants-Appellees.
 No. 88-6499.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1989.
Decided Dec. 18, 1989.
 
 Before NELSON, TROTT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dr. Benjamin Winter appeals the district court's granting of appellees' motion to dismiss and its denial of his motion for injunctive relief. Winter contends that appellee California Medical Review, Inc. (CMRI), a peer review organization under contract with the Secretary of Health and Human Services to review certain medical services in the state of California, lacked jurisdiction to investigate him. The district court dismissed the case on the grounds that appellant failed to exhaust his administrative remedies. We affirm on that basis and on the ground that the case is not ripe for judicial review.
 
 I Ripeness
 
 3
 The ripeness doctrine serves "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1967). In considering whether a case is ripe, a court must evaluate "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Id. at 149; see also Standard Alaska Prod. Co. v. Schaible, 874 F.2d 624, 627 (9th Cir.1989). "A claim is fit for decision if the issues raised are primarily legal, do not require further factual development, and the challenged action is final." Schaible, 874 F.2d at 627. In interpreting the finality requirement, a court "looks to whether the agency action represents the final administrative word to insure that judicial review will not interfere with the agency's decision-making process." State of Cal., Dep't of Educ. v. Bennett, 827, 833 (9th Cir.1987).
 
 
 4
 To meet the hardship requirement, a litigant must show that withholding review would result in "direct and immediate" hardship and would entail more than possible financial loss. Id. at 833-34; see also Portland Police Ass'n v. City of Portland, 658 F.2d 1272, 1273 (9th Cir.1981).
 
 
 5
 Winter has satisfied neither the fitness nor the hardship requirement. CMRI's preliminary finding is clearly not the agency's "final administrative word," as CMRI may review appellant's arguments and decide not to recommend sanctions.[1] The mere possibility that statutory sanctions might be applied is not sufficient to create a case or controversy within the meaning of article III. Western Mining Council v. Watt, 643 F.2d 618, 627 (9th Cir.), cert. denied, 454 U.S. 1031 (1981). Moreover, where a series of contingent events must occur to produce an injury, a court may find the case inappropriate for judicial resolution. See Portland Police, 658 F.2d at 1274-75.
 
 
 6
 Appellant's claim that the investigation itself represented final agency action lacks merit. As appellees note, after reviewing information submitted by appellant, the agency might agree with his assertion that CMRI's investigation was improper. This court must give the agency an opportunity to formulate a final position.[2]
 
 
 7
 Appellant has also failed to demonstrate direct and immediate hardship. He points to suspension of staff privileges as the primary source of his harm. The cause of this harm, however, is the hospital, which suspended appellant's staff privileges after receiving notice of an independent investigation against the hospital itself. The nexus between CMRI's investigation of appellant and appellant's alleged injuries is too attenuated to support his claim.
 
 II Exhaustion
 
 8
 We also find that appellant has failed to exhaust his administrative remedies. Since the Secretary has not waived this requirement, appellant must obtain a judicial waiver. A judicial waiver may be obtained where a claim is: "(1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that refusal of the relief sought will cause an injury which retroactive payments cannot remedy (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir.1987); see also Bass v. Social Sec. Admin., 872 F.2d 832, 833 (9th Cir.1989).
 
 
 9
 While appellant's jurisdictional claim is collateral to the issue of whether he violated statutory standards of care, he has not demonstrated a colorable claim of irreparability or that resolution of the claim through established administrative channels would not serve the purposes of exhaustion.
 
 
 10
 Under Cassim, the irreparability inquiry focuses on two issues: whether the claim is colorable, and whether the claimant would suffer irreparable harm if the requested relief is denied. Appellant has failed to show that he would suffer irreparable harm if the agency is permitted to continue its investigation. As mentioned above, CMRI may ultimately determine that sanctions are unwarranted or that the investigation should not have been conducted in the first place.
 
 
 11
 In evaluating whether appellant meets the futility requirement, a court must evaluate the policies underlying exhaustion. In Weinberger v. Salfi, 422 U.S. 749, 765 (1975), the Court observed that:
 
 
 12
 Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.
 
 
 13
 Here, appellant sought relief from the district court two months after notification of CMRI's tentative decision, and before formally presenting his arguments via established administrative channels. District court action at that time, without giving the agency a chance to reevaluate its decision to investigate, would have constituted "premature interference with agency processes." In addition, the agency was not given an opportunity to utilize its experience and expertise in applying the statutory provisions. Appellant thus fails to show that proceeding through established administrative channels would not serve the policies underlying the exhaustion requirements.
 
 
 14
 Since we find that this case is not ripe for review and that appellant has not satisfied the conditions for judicial waiver of the exhaustion requirement, the district court's dismissal is
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. Rule 36-3
 
 
 [1]
 This distinguishes Greene v. Bowen, 639 F.Supp. 554 (E.D.Cal.1986), appeal dismissed and case remanded, 844 F.2d 791 (9th Cir.1988), where the doctor filed suit after sanctions had been recommended
 
 
 [2]
 We reject Winter's assertion that telephonic responses from various agency representatives, who were reportedly assured that their remarks would be "off the record," constitute a determinative statement of the agency's position