956 F.2d 1167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jacqueline L. MILNER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-55089.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 4, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jacqueline L. Milner appeals pro se the district court's dismissal without prejudice for lack of jurisdiction of her action challenging the Secretary of Health and Human Service's denial of her claim for disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 BACKGROUND
 
 3
 On May 6, 1988, Milner filed an application with the Department of Health and Human Services for Title II disability insurance benefits. Her application was denied. She requested reconsideration of the denial by letter. The Department informed her that her request was not in the proper form, and sent her the correct materials with instructions for their completion. Milner failed to reply within the statutory time, and the Department informed her that she would be required to file a new application in order to pursue her claim for disability benefits. Milner requested a hearing before an Administrative Law Judge, who dismissed her request because she had not properly sought reconsideration. She timely requested review of the Administrative Law Judge's decision by the Appeals Council, which denied her request on the same ground.
 
 
 4
 On September 21, 1989, Milner filed a civil action in district court challenging the Secretary's denial of her claim for disability benefits. She alleged that the Secretary, the California Health and Welfare Department (a state agency involved in processing Milner's claim for disability benefits pursuant to regulations promulgated by the Secretary) and their agents and employees violated her rights under the Social Security Act (42 U.S.C. § 405(g)), the due process clauses of the Fifth and Fourteenth Amendments, and the Civil Rights Act (42 U.S.C. § 1983). The Secretary filed a motion to dismiss Milner's action for lack of jurisdiction, which the magistrate granted.
 
 STANDARD OF REVIEW
 
 5
 We review de novo the magistrate's dismissal of an action for lack of subject matter jurisdiction. Hooker v. U.S. Dept. of Health and Human Services, 858 F.2d 525, 529 (9th Cir.1988).
 
 DISCUSSION
 
 6
 I. Failure to Exhaust Administrative Remedies
 
 
 7
 Milner challenges the magistrate's dismissal of her claim against the Secretary on the ground that she failed to exhaust her administrative remedies under the Social Security Act.
 
 
 8
 A claimant's failure to exhaust the administrative remedies set forth in 42 U.S.C. § 405(g) deprives the district court of jurisdiction. Bass v. Social Security Administration, 872 F.2d 832, 833 (9th Cir.1989). A claimant has exhausted her administrative remedies only after: (1) a state agency has made the initial adverse determination on her application for benefits, pursuant to regulations promulgated by the Secretary; (2) the claimant has sought reconsideration; and (3) the claimant has obtained a hearing before an Administrative Law Judge. 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.900, 404.1503. The ALJ's decision does not become final until the claimant requests review before an Appeals Council, and the Appeals Council either grants or denies review. 20 C.F.R. § 404.900.
 
 
 9
 Here, Milner has failed to exhaust these administrative remedies. She never obtained a hearing before an Administrative Law Judge due to her failure to file a request for reconsideration in the proper form. Although the exhaustion requirement may be waived if, among other factors, the claim to be reviewed is collateral to a substantive claim of entitlement to benefits, Briggs v. Sullivan, 886 F.2d 1132, 1138-39 (9th Cir.1989), the essence of Milner's claim is that she is entitled to disability benefits. Accordingly, the magistrate properly dismissed Milner's claim for failure to exhaust her administrative remedies.
 
 II. Due Process and Section 1983 Claims
 
 10
 Milner also challenges the magistrate's dismissal of her claims against the Secretary, the California Health and Welfare Department, and their agents and employees for violation of her due process rights and of her civil rights under 42 U.S.C. § 1983.
 
 
 11
 Pursuant to 42 U.S.C. § 405(h), judicial review of "claims[s] arising under" the Social Security Act is limited to claims in which the administrative remedies set forth in section 405(g) have been exhausted. Section 405(h)'s jurisdictional bar is broad. It bars all claims, including constitutional claims, in which "the standing and the substantive basis for the presentation" of the claims is the Social Security Act, Weinberger v. Salfi, 422 U.S. 749, 760-61 (1975), as well as claims "inextricably intertwined" with a claim for benefits, Heckler v. Ringer, 466 U.S. 602, 614 (1984). Claims against state defendants involved in making disability determinations are also barred to the extent that the claims represent a disguised dispute with the Secretary's denial of benefits. Hooker, 858 F.2d at 530 (state law tort claim against state defendants involved in decision to cancel decedent's Title II benefits, which allegedly caused decedent to commit suicide, was merely a disguised dispute with the Secretary and was therefore barred by 42 U.S.C. § 405(h)).
 
 
 12
 Here, the essence of Milner's due process and civil rights claims is that she is entitled to disability benefits. These claims therefore fall within section 405(h)'s jurisdictional bar because she has not exhausted her administrative remedies as to her claim for benefits.
 
 
 13
 Milner has an adequate remedy for challenging the denial of her claim for disability benefits. The Secretary has indicated that, upon final dismissal of this case, her civil action will be construed as a timely request for a hearing and the matter will be referred to the appropriate hearing officer for further administrative proceedings.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3