**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NOE KIM RAQUINIO, | No. 20-16114 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00450-JMS-WRP |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted July 12, 2022[**]

Before:     SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Noe Kim Raquinio appeals pro se from the district court's judgment

dismissing his action challenging the Commissioner of Social Security's denial of

his application for supplemental security income under Title XVI of the Social

Security Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003), and we affirm.

The district court properly concluded that it lacked subject matter jurisdiction because Raquinio failed to exhaust his administrative remedies. *See* 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.,* 872 F.2d 832, 833 (9th Cir. 1989) ("A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction."). The district court did not err in declining to waive the exhaustion requirement because Raquinio did not raise a claim that was collateral to his substantive claim of entitlement to benefits. *See Kildare,* 325 F.3d at 1082.

We do not address Raquinio's contentions, raised for the first time on appeal, that the Social Security Administration violated his right to due process by declining to entertain his untimely request for reconsideration, refusing to accept evidence, or deciding his claim without a hearing. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

To the extent that Raquinio requests supplementation of the record (Docket Entry No. 22), the request is denied.

**AFFIRMED.**