FILED

APR 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELIDIA M. DUARTE,

        Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant-Appellee.

No.   21-16019

D.C. No. 3:20-cv-00151-JCS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Submitted March 30, 2023[**]
San Francisco, California

Before: McKEOWN, GOULD, and IKUTA, Circuit Judges.

Elidia Duarte appeals the district court's order granting the Commissioner's

motion to dismiss the first amended complaint (FAC) and dismissing her case

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

without leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in dismissing Duarte's FAC without leave to amend because Duarte failed to exhaust her administrative remedies pursuant to 42 U.S.C. § 405(g), and therefore the district court lacked subject matter jurisdiction over Duarte's claims. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 404.900(a)(5). Her claim that she was owed Supplemental Security Income (SSI) benefits and survivor benefits for various years was unexhausted because she failed to file a request for reconsideration. Her claim that she was incorrectly assessed overpayments for the months of August and September 2000 was unexhausted because she failed to request a hearing before an administrative law judge. Her claim that she was incorrectly assessed overpayments for October and November 2015 was unexhausted because she has not yet received a final decision from the Appeals Council. Because Duarte does not have a final decision by the Commission for any of her disputes, she "is [not] entitled to seek judicial review." *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988); *see also Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam). These claims needed to be exhausted because the four-step administrative review process detailed in 20 C.F.R. § 404.900(a) applies to all "continuing entitlement to benefits," the benefit amount,

2

"[t]ermination of" benefits, "overpayment or underpayment of" benefits, and "[w]hether an overpayment of benefits must be repaid," among others things. 20 C.F.R. § 404.902. A claim related to "a monetary benefit" arises under the Act "irrespective of whether [the claimant] challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds." *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000).[1]

The district court did not err in not waiving the exhaustion requirement for Duarte's claim. *See Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). Because Duarte's claims are either direct claims for benefits or "essentially a claim for benefits," *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) (citation omitted), they are not "collateral to a substantive claim of entitlement," *Cassim*, 824 F.2d at 795. Nor would the judicial resolution of Duarte's claims "serve the purposes of exhaustion," *id.*, because her allegations are appropriately resolved through administrative review.

The district court applied the correct legal standards in assessing the motion to dismiss for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). The

---

[1] Duarte's reliance on *Lopez v. Heckler*, 725 F.2d 1489 (9th Cir. 1984) is misplaced because it was vacated, *see Heckler v. Lopez*, 469 U.S. 1082 (1984). *See, e.g., Durning v. Citibank, N.A.*, 950 F.2d 1419, 1424 n.2 (9th Cir. 1991) ("[A] decision that has been *vacated* has no precedential authority whatsoever.").

3

district court did "not [need to] presume the truthfulness of [Duarte's] allegations," and could review affidavits or other evidence submitted by the parties without converting the motion to dismiss into a motion for summary judgment. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).[2] The district court did not abuse its discretion in admitting the declarations submitted by the Commissioner because they conformed to the requirements of 28 U.S.C. § 1746.

Duarte failed to establish any basis for mandamus relief because she did not identify any clear duty to be performed by the Commissioner, and she "has [not] exhausted all other avenues of relief," *Heckler v. Ringer*, 466 U.S. 602, 616 (1984), because she has not obtained a final decision by the Appeals Council for any of her disputes. Nor did Duarte establish any other basis for subject matter jurisdiction. The district court properly held that the Administrative Procedure Act (APA) does not confer an independent grant of subject matter jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 107 (1977). Similarly, federal question jurisdiction under 28 U.S.C. § 1331 is precluded by 42 U.S.C. § 205(h). *Id.* at 109; *see also* 42 U.S.C. § 405(h).

---

[2] A district court is not limited to considering only public records in this context. *See Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

4

The district court properly held that Duarte was not entitled to injunctive or declarative relief because she lacked a jurisdictional basis for her claims. *See Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

The Commissioner did not unlawfully delay its decision on Duarte's claim that she was incorrectly assessed overpayments for October and November 2015, because any "delays occur[ed] through no fault of the Commissioner," and the Commissioner issued a decision "as soon as practicable." 20 C.F.R. § 416.1453(c)(2)(ii). The district court distinguished Duarte's case from *Heckler v. Day*, 467 U.S. 104, 111 (1984) and properly held that Duarte's allegations about delays did not afford a basis for jurisdiction.[3]

There is no evidence in the record that the court "prejudged" Duarte's case. The court gave both sides the opportunity to respond to questions and declined offers of supplemental briefing by both sides. The district court did not grant Duarte's counsel's motion to withdraw until after the hearing on the motion to dismiss concluded, so Duarte was represented by counsel throughout the entire

---

[3] Because the district court did not reach the Commissioner's argument that Duarte's case was moot, we do not reach Duarte's argument that the court erred in dismissing her complaint on mootness grounds.

5

hearing.[4]  The district court did not violate Duarte's equal protection rights or violate 42 U.S.C. § 2000d by issuing an order directing the clerical staff not to permit Duarte or her son access to the record.  At that time, Duarte was represented by counsel, and the Northern District's local rules permit only counsel of a represented party to retrieve documents filed in a Social Security appeal.  N.D. Cal. Civ. L.R. 5-1(c)(5)(B)(i).

**AFFIRMED.**[5]

---

[4] Contrary to Duarte's argument, *Goldberg v. Kelly*, 397 U.S. 254, 260 (1970) did not establish that a claimant has a due process right to representation at a Social Security hearing; rather, *Goldberg* considered only whether a social security recipient is entitled to an evidentiary hearing before termination of benefits.

[5] Duarte's motion for judicial notice of certain documents (Dkt. 65) is denied because the documents have no relation to the merits of her appeal.  *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 (9th Cir. 2006).  Duarte's motion to supplement the record on appeal (Dkt. 27) is also denied.