139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Theodore W. ROBINSON, Plaintiff-Appellant,
v.
MARY Maentanis, Defendant-Appellee.
 No. 97-2730.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 26, 1998.*
Decided Feb. 26, 1998.
Rehearing Denied April 22, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. 95 C 6892, George Marovich, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, and Hon. WALTER J. CUMMINGS and Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Theodore W. Robinson, a frequent court spectator, sued Mary Maentanis, a Cook County deputy sheriff, pursuant to 42 U.S.C. § 1983, alleging that she violated his constitutional rights when she escorted him out of the Chicago Civic Center (the "Daley Center"). The district court dismissed Robinson's complaint for failure to state a claim Robinson appeals this determination and further contends that the district court's treatment of his case deprived him of due process and equal protection of the law. We affirm
 
 
 2
 Robinson is an attorney who for many years has watched trials taking place in the courtrooms of the Daley Center. On October 25, 1995, Robinson was watching a trial in a particular courtroom when the judge convened a ten-minute break. Rather than wait for the trial to resume, Robinson walked to an adjacent courtroom and inquired whether the court was in session. A voice that later turned out to belong to defendant Mary Maentanis responded "no." Robinson left the courtroom and started to return to the original courtroom when Maentanis came out into the hall, called after Robinson, and told him that she was taking him down to the first floor Maentanis then escorted Robinson out of the building. One week later, Robinson again was watching trials when Maentanis approached him and said: "Is there something you want?" Robinson did not answer her question and the conversation concluded without incident.
 
 
 3
 On November 27, 1995, Robinson filed a lawsuit pursuant to 42 U.S .C. § 1983 against an unknown deputy sheriff and Michael F. Sheahan, the Sheriff of Cook County, Illinois. Sheahan was dismissed for lack of personal involvement, so Robinson filed an amended complaint against the deputy sheriff, who turned out to be Maentanis. Robinson alleged that the deputy sheriff's actions had deprived him of his constitutional right to occupy a public place, to speak freely in that public place, and to be free from unreasonable seizures and detentions. Robinson sought to enjoin the defendant and other deputy sheriffs from engaging in this kind of behavior in the future. The district court granted Maentanis's motion to dismiss, finding that Robinson failed to demonstrate the existence of an actual case or controversy, as required by Article III of the Constitution, or that irreparable harm would result from the denial of injunctive relief.
 
 
 4
 Robinson first argues on appeal that the district court erred in dismissing his lawsuit because he had a legal right to be in a public place (the Daley Center) and to ask questions in that public place, and that Maentanis's behavior deprived him of these and other constitutional rights Robinson further argues that his claim is "capable of repetition, yet evading review" and therefore presents an actual case or controversy.
 
 
 5
 A person "seek[ing] to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Art[icle] III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), see also Ortiz v. John 0. Butler Co., 94 F.3d 1121, 1125 (7th Cir.1996) To allege an actual case or controversy, a plaintiff must demonstrate that he has a personal stake in the outcome of the controversy, that is, that his injury is likely to be redressed by a decision in his favor. Feit v. Ward, 886 F.2d 848, 857 (7th Cir.1989). Moreover, a plaintiff seeking injunctive relief must establish "that he is in immediate danger of sustaining some direct injury. Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." Id. (citations omitted); Knox v. McGinnis, 998 F.2d 1405, 1413 (7th Cir.1993).
 
 
 6
 Regardless of whether Maentanis's conduct actually violated Robinson's constitutional rights, there is no evidence that Maentanis's behavior threatens to have any "continuing, present adverse effects" on Robinson, as required to show an actual case or controversy regarding injunctive relief Indeed, the fact that Robinson returned to the Daley Center one week after the encounter with Maentanis--this time without incident--suggests that Robinson is not likely to encounter any future problems with her And while it is not impossible for Maentanis to engage in similar behavior, "a low probability of recurrence does not create a current case or controversy." Egan v. Davis, 118 F.3d 1148, 1150 (7th Cir.1997) (citing Murphy v. Hunt, 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982), and other Supreme Court cases). Accordingly, Robinson "failed to establish that he is in immediate danger of injury resulting from the conduct he challenges as unconstitutional," Feit, 886 F.2d at 857, and thus has no standing to sue.
 
 
 7
 Robinson nonetheless maintains that his lawsuit is viable because Maentanis's conduct is "capable of repetition, yet evading review." We disagree While the "capable of repetition, yet evading review" concept operates as an exception to the standing and mootness doctrines and permits a case to proceed in the absence of an actual case or controversy, "the alleged injury must be of inherently limited duration and likely to happen again to the same complaining party." Board of Education of Downers Grove Grade School v, Steven L., 89 F.3d 464, 467 (7th Cir.1996). Additionally, this exception is typically employed only in unusual situations and when the plaintiff can demonstrate with a reasonable degree of certainty that he will be subjected again to the same conduct. Higgason v. Farley, 83 F.3d 807, 811 (7th Cir.1996) Even when assuming for the sake of argument that Robinson's claim is transitory, Robinson has not pointed to anything in the record indicating with any degree of certainty that Maentanis will again escort him out of the Daley Center. Accordingly, Robinson does not fit within the "capable of repetition, yet evading review" exception.
 
 
 8
 Robinson's second argument on appeal is that the district court's handling of his lawsuit denied him due process and equal protection of the law. In essence, Robinson believes that the district court improperly favored Maentanis by repeatedly ruling in her favor. Among other things, Robinson believes the district court acted improperly when it (a) granted his motion to disqualify the presiding judge and assigned the case to a magistrate judge, but then withdrew the case from the magistrate judge; and (b) when it ruled in favor of the defendant on numerous motions, including Maentanis's motion to vacate a default order.
 
 
 9
 Not only do we find that Robinson's due process and equal protection arguments fail to implicate constitutional concerns, but we also find no basis to conclude that the district court's conduct was improper. Regarding Robinson's contention that the district court, Judge Marovich, recused himself but then improperly reasserted control over the case, the record suggests otherwise. At a hearing on October 17, 1996 conducted for purposes of ruling on Robinson's second motion to disqualify, the district court explained that it had sent preliminary matters to the magistrate judge "in some deference to Mr. Robinson's [first] motion to disqualify me and to make him feel somewhat more at ease about something he has a problem with." And although the record does contain one docket entry indicating that Judge Marovich recused himself from the case, this entry is inconsistent with an earlier docket entry, dated March 7, 1996, indicating that Judge Marovich simply assigned the case to a magistrate judge for discovery and pretrial purposes only.
 
 
 10
 Nor does Robinson provide any basis upon which to determine that Judge Marovich erroneously refused to disqualify himself, Recusal is appropriate where "an objective, disinterested, observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt that justice would be done in the case." Pepsico v. McMillen, 764 F.2d 458, 460 (7th Cir.1985), see also Hook v. McDade, 89 F.3d 350, 355 (7th Cir.1996). The record on appeal does not contain copies of either of Robinson's motions to disqualify, however, and his appellate brief fails to illuminate any bias on Judge Marovich's part. The mere fact that Judge Marovich made several rulings unfavorable to Robinson does not indicate, without more, that the district court had a conflict of interest.
 
 
 11
 There is likewise no merit to Robinson's argument that the district court acted improperly when it granted Maentanis's motion to vacate the default judgment entered against her by the magistrate judge following her failure to appear. First, we are aware of no caselaw indicating that a district court judge may not vacate a default order entered by a magistrate judge. Indeed, while 28 U.S.C. § 636(b)(1)(A) provides that a judge may overrule a pretrial matter ruled upon by a magistrate judge when clearly erroneous or contrary to law, the statute does not prevent a judge from ruling on a motion that is distinct, albeit related, to a motion previously adjudicated by a magistrate judge. Moreover, Rule 73(b) of the Federal Rules of Civil Procedure permits a district court judge, on his own initiative, to "vacate a reference of a civil matter to a magistrate judge." Fed.R.Civ.Proc. 73(b).
 
 
 12
 Finally, we find no merit to Robinson's remaining allegations of inequity, which he failed to support with legal authority and proper citation to the record.
 
 
 13
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P 34(a), Cir.R. 34(f)