Josie HARRIS, Plaintiff–Appellant,

v.

COUNTY OF COOK, et al., Defendants–Appellees.

No. 01–2425.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 25, 2002.*

Decided Feb. 27, 2002

Rehearing Denied March 22, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before CUDAHY, ROVNER, and EVANS, Circuit Judges.

## ORDER

Josie Harris appeals from the dismissal of her "complaint" alleging that she was denied due process during the course of a 1996 lawsuit involving many of the same named defendants. We affirm.

In 1996 Harris sued her employer, Cook County Hospital, and two of its employees, alleging that the defendants denied her a promotion based on her race and age. The defendants moved for summary judgment, which the district court granted. Harris then moved for relief from judgment under Fed.R.Civ.P. 60(b)(3), asserting that the defendants had prevailed by misrepresenting facts and misleading the court. The district court denied her motion, and she appealed. We affirmed the denial, *Harris v. County of Cook*, 202 F.3d 273, 1999 WL 809719 (7th Cir.1999) (unpublished), and on April 2, 2001, the Supreme Court of the United States denied her subsequent petition for certiorari.

Twenty-eight days after the Supreme Court issued its order, Harris returned to the district court with yet another submission that, just as in her 60(b)(3) motion, alleges that the hospital and its employees deceived the district court during her 1996 suit. This time she added her court-appointed attorneys as putative defendants, claiming that they, too, had deceived the court to her detriment. But instead of again labeling her claims as a Rule 60(b)(3) motion, Harris this time styled the document as a "complaint" ostensibly seeking redress for perjury and violations of her due process rights. As a remedy, however, Harris requested a trial on the merits of her 1996 discrimination case, thus essentially seeking relief from judgment once again.

The clerk of the district court, accepting at face value that Harris indeed was filing a new complaint, docketed her submission as such and presented it to a different judge. The district court then dismissed Harris' "complaint" with prejudice pursuant to 28 U.S.C. § 1915(e)(2), recognizing the filing as a frivolous collateral attack on the judgment in Harris' 1996 suit but at the same time observing that as a new complaint it failed to state a claim upon which relief may be granted.

We conclude that the district court's initial characterization of Harris' "complaint" as a collateral attack on the earlier judgment is the more apt. Although this time Harris sought to evade the finality of the judgment in her 1996 lawsuit by labeling her submission as a new complaint, it is better viewed as a successive Rule 60(b) motion relating to that earlier action. Despite its label, Harris' present "complaint" in essence asks for the same relief on the same basis as her previous Rule 60(b)(3) motion. Just as she did before Harris argues that the original defendants–with the help of her own appointed lawyers, she now adds–presented the district court with fabricated documents and perjured testi-

mony in order to convince the court to erroneously grant summary judgment against her in her 1996 case. This contention is no more persuasive now than when it was rejected by the district court with our later approval, *see Harris,* 1999 WL 809719, at *2, and to our discussion in Harris' prior appeal we add that Harris' second Rule 60(b)(3) motion has even less merit than her first because by the time it was filed in April 2001 the one-year time limit that applies for claims of fraud or misconduct by an adverse party had long expired, *see* Fed.R.Civ.P. 60(b); *In re Factor VIII or IX Concentrate Blood Prods., Litig.,* 159 F.3d 1016, 1019 (7th Cir.1998).

AFFIRMED.