**Josie HARRIS, Plaintiff–Appellant,**

v.

**COOK COUNTY HOSPITAL, et al., Defendants–Appellees.**

No. 04–1337.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 26, 2004.*

Decided Nov. 1, 2004.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Josie Harris, Chicago, IL, pro se.

Donald R. Hallsten, Jr., Office of The Cook County State's Attorney, Chicago, IL, for Defendant–Appellee.

Before BAUER, WOOD, and WILLIAMS, Circuit Judges.

### ORDER

Josie Harris comes before this court for a third time claiming that Cook County Hospital violated state and federal law in failing to promote her. The only genuine question on appeal is whether the district court correctly construed Harris's "Motion for Reconsideration" as a Fed.R.Civ.P. 60(b) motion, or whether the court should have recognized the filing as the functional equivalent of a notice of appeal, in which case we would have jurisdiction to review the district court's earlier judgment of dismissal. We agree with the district court's characterization of the document, and affirm the denial of the motion without reaching the underlying judgment.

In 1999 Harris lost her first suit alleging employment discrimination. Afterwards she brought a "Motion for Reconsideration," claiming that the appellees had filed false affidavits. She appealed the district court's denial of the motion, and we affirmed, finding no evidence of fraud or misconduct. *Harris v. County of Cook*, 202 F.3d 273, 1999 WL 809719 (7th Cir. 1999). She brought suit again on the same matter in 2001, alleging deprivation of due process. The district court dismissed the complaint with prejudice on grounds of claim preclusion, and again we affirmed. *Harris v. County of Cook*, 29 Fed.Appx. 400 (7th Cir.2002).

Harris subsequently filed a third complaint, which is the subject of this appeal. On December 1, 2003, the district court dismissed her claims as "previously adjudicated." On January 2, 2004, Harris filed a document entitled "Plaintiff's Appeal of Court's Order Denying Filing of Federal and State Constitutional Questions Involving Property and Liberty Rights." The district court interpreted this as a motion

under Fed.R.Civ.P. 60(b), and in a minute order of January 15, 2004, denied the motion. Harris filed a notice of appeal on February 6, 2004.

We asked the parties to brief the question whether the January 2 motion may constitute a notice of appeal. Our conclusion is that it may not because it fails to satisfy Fed. R.App. P. 3(c)(1)(C) by not "nam[ing] the court to which the appeal is taken." The document does not mention the Seventh Circuit in either caption or text, and it is accompanied by a "Notice of Motion" that states that Harris will "appear before the Honorable Judge Holderman ... and present [a] Motion for Reconsideration." The Supreme Court has stated that courts "may not waive the jurisdictional requirements of Rules 3 and 4, even for 'good cause shown.'" *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 317, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). *See also Smith v. Barry,* 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992) ("noncompliance [with Rule 3] is fatal to an appeal").

Although jurisdiction has been found to exist where the identity of the appellate court may be inferred, *see Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1125 (7th Cir. 1996) (upholding jurisdiction when the name of the appellate court was omitted because this was the only court to which the plaintiff could have appealed); *United States v. Musa,* 946 F.2d 1297, 1301 (7th Cir.1991) (finding jurisdiction even though the appellant erroneously named the Eighth Circuit instead of the Seventh), the principle that informs these cases does not apply here. Those cases were concerned with *where* the petitioner was appealing; this one is concerned with *whether* she did. Similarly, in *Bradley v. Work,* 154 F.3d 704 (7th Cir.1998), we concluded that there was jurisdiction where the notice of appeal named the district court. But in that case, the docketing statement filed by the appellants "clearly indicated that the appeal was lodged in the Seventh Circuit." *Bradley,* 154 F.3d at 707. Furthermore, we expressed our discomfort with the sufficiency of the notice, considering it to be "on the margins of 'informality of form.'" *Id.* Consequently, the district court did not abuse its discretion in treating the January 2, 2004 filing as a 60(b) motion.

It was also correct to deny the motion. Harris's filing does not qualify under any of the recognized justifications for an application of Fed.R.Civ.P. 60(b): mistake, inadvertence, surprise, excusable neglect; discovery of new evidence or fraud; voidness of judgment; satisfaction, release or discharge of judgment. *See Talano v. Northwestern Med. Faculty Found., Inc.,* 273 F.3d 757, 762 (7th Cir.2001). What Harris really wanted to do was to have the court reconsider claims she believes "have not been adjudicated," but we have held that "[a] contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope." *Gleash v. Yuswak,* 308 F.3d 758, 761 (7th Cir. 2002).

Since this is the third time we have addressed these same claims, we warn Harris that she has exhausted her avenues to appeal the 1999 decision and she risks sanctions if she continues to litigate on these facts.

AFFIRMED.