NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 15, 2013[*]
Decided April 15, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-1613

| | |
|---|---|
| BENNIE K. ELLISON,<br> *Plaintiff-Appellant,*<br><br> *v.*<br><br>DANIEL MORECI, et al.,<br> *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 10 C 2088<br><br>Matthew F. Kennelly,<br>*Judge.* |

**O R D E R**

Bennie Ellison's suit under 42 U.S.C. § 1983 was dismissed for failure to prosecute, and he appeals. We affirm the judgment.

Ellison was a pretrial detainee in Cook County, Illinois, when he filed this action alleging that the superintendent and two guards at the county jail assaulted him and afterward denied him medical care for the injuries they caused. The district court screened

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Ellison's complaint and ordered that the defendants be served with process. *See* 28 U.S.C. §§ 1915(d), 1915A. After the suit had been pending for a year, the court ordered each side to submit a status report listing the name and address of each person with information about the claims or defenses, available documents supporting those claims or defenses, and additional documents still needed from the other side or third parties. The court admonished Ellison that his suit would be dismissed for failure to prosecute if he did not file a report with the requested information by June 21, 2011. *See* FED. R. CIV. P. 41(b). Ellison peppered the court with numerous motions, but none included the requested information, and thus the judge dismissed the lawsuit on August 3. Ellison moved for reconsideration, *see* FED. R. CIV. P. 59(e), arguing that a June 8 motion supplied the required information. The court disagreed and denied relief on September 12.

Not until five months later did Ellison file anything denominated as a notice of appeal, so before addressing the merits of the Rule 41(b) dismissal we must decide if we have jurisdiction. Ellison concedes that the filing labeled as a notice of appeal is untimely, but he argues that several other submissions filed within the 30-day window, *see* FED. R. APP. P. 4(a)(1)(A), are functionally equivalent to a notice of appeal, *see Smith v. Grams,* 565 F.3d 1037, 1041–43 (7th Cir. 2009). He signals out several possibilities, including an "emergency" motion dated August 26 that was sent to us and returned to Ellison unfiled because we thought it pertained to another of his appeals that already was closed.

This appeal is one of fourteen filed by Ellison, and all of his others have been dismissed for failure to pay the appellate fees or for lack of jurisdiction. One of those closed appeals arose from Ellison's attempt to challenge an interlocutory ruling in this litigation, and he used the case number from that appeal on his August 26 "emergency" motion, which sought review from the judgment "dated 8-3-11." This document, although filed in the wrong court and with an incorrect case number, is the functional equivalent of a notice of appeal from the final judgment in this lawsuit. Any document may serve as a notice of appeal if it conveys the information required by Rule 3(c) of the Federal Rules of Appellate Procedure: the party appealing, the decision being challenged, and the court where the appeal is taken. *Smith v. Barry,* 502 U.S. 244, 247–48 (1992); *United States v. Dowell,* 257 F.3d 694, 698 (7th Cir. 2001). Ellison's motion identifies him as the appellant, designates the district court's order of August 3 as the decision to be reviewed, and specifically names this court. That was enough to confer jurisdiction. *Halasa v. ITT Educ. Servs., Inc.,* 690 F.3d 844, 849 (7th Cir. 2012); *Wells v. Ryker,* 591 F.3d 562, 565 (7th Cir. 2010); *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124–25 (7th Cir. 1996). And though Ellison mistakenly used the case number from a related but closed appeal, that error is one of form and does not prevent us from reaching the merits of this appeal. *See Farzana K. v. Ind. Dep't. of Educ.,* 473 F.3d 703, 707 (7th Cir. 2008). This motion should have been accepted and transmitted to the district court to put the appellees on notice of Ellison's intent to appeal. *See* FED. R. APP. P. 4(d); *Remer v.*

*Burlington Area Sch. Dist.,* 205 F.3d 990, 995 (7th Cir. 2000); *United States v. Outen,* 286 F.3d 622, 632–33 & n.8 (2d Cir. 2002).

We thus have jurisdiction. On the merits Ellison argues that the district court ignored one of his many submissions in concluding that he had not filed a status report by the deadline. We disagree. The court mentioned that submission by docket number but explained that it (and the remainder of Ellison's submissions) did not include the requested information. Indeed, that document lists dozens of people and pieces of evidence, many of them apparently related to other lawsuits filed by Ellison. If Ellison had intended that submission—filed on July 5, 2011, two weeks after the deadline—to serve as his status report, he could have alerted the district court to that intent in his motion for reconsideration. Instead, Ellison insisted in that postjudgment motion (and five others) that a *different* document filed on June 8 was intended to serve as his status report. It was not error, therefore, for the district court to conclude that his motion was nonresponsive. *See McInnis v. Duncan,* 697 F.3d 661, 664–65 (7th Cir. 2012) (concluding that plaintiff's misunderstanding that his request for continuance had been granted—which he did not explain to the district court—did not support finding abuse of discretion for dismissing suit for failure to prosecute); *Johnson v. Kamminga,* 34 F.3d 466, 468 (7th Cir. 1994) (noting that absence of postjudgment motion from plaintiff explaining to district court his excuse for missing first day of trial "suggests that the district court wisely exercised its discretion"). Moreover, even though Ellison's motion does cite one relevant legal rule—Federal Rule of Civil Procedure 6(b), which governs extensions of time—he did not even try to show that he failed to meet the original deadline because of excusable neglect, giving the court no reason to exercise its discretion to grant an extension of time. *See* FED. R. CIV. P. 6(b)(1)(B); *Keeton v. Morningstar, Inc.,* 667 F.3d 877, 883 (7th Cir. 2012).

Accordingly, the judgment of the district court is **AFFIRMED**.