In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-3536

JUAN CERVANTES,

*Plaintiff-Appellant,*

*v.*

ARDAGH GROUP,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:16-cv-11080 — **Ronald A. Guzmán**, *Judge.*

ARGUED DECEMBER 11, 2018 — DECIDED JANUARY 29, 2019

Before WOOD, *Chief Judge*, and RIPPLE, and BARRETT, *Circuit Judges*.

RIPPLE, *Circuit Judge*. Juan Cervantes brought this action against his employer, Ardagh Group ("Ardagh"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* ("IHRA"). The complaint asserted that Ardagh had refused to promote him, had issued him performance warnings, and had demoted him because of his

race and national origin and in retaliation for previous complaints about discrimination and harassment. The district court granted summary judgment in favor of Ardagh.

The district court's decision is correct. Mr. Cervantes did not exhaust his administrative remedies for his discrimination claims. His retaliation claim also must fail because there is no evidence of a causal connection between any protected activity by Mr. Cervantes and an adverse employment action by Ardagh. Accordingly, we affirm the judgment of the district court.

# I

## BACKGROUND

Mr. Cervantes began his career at Ardagh in 1991 as a pallet loader. He was promoted to fork lift driver in 1998 and to electro-mechanic in 2000. His complaint followed an incident that took place in 2015. Taking the facts in the light most favorable to Mr. Cervantes,[1] on June 20, 2015, after completing his shift, he remained at the Ardagh facility to assist his father, a fellow Ardagh employee, with fixing a machine. During this second shift, supervisor Katina Stewart attempted to call Mr. Cervantes on his radio, but could not reach him. When Stewart located Mr. Cervantes in the facility, he explained that he had not responded to the radio calls because he was not working a second shift; he was only stay-

---

[1] The relevant facts are contested. On review of the district court's grant of summary judgment for Ardagh, we resolve any disputed facts in favor of the non-moving party, Mr. Cervantes, and "draw[] all reasonable inferences from the facts in his favor." *Dietchweiler v. Lucas*, 827 F.3d 622, 627 (7th Cir. 2016).

ing past his shift to help his father. Stewart informed Mr. Cervantes that if he was not accepting assignments for the second shift, he must leave the facility. He eventually complied. Stewart reported the incident, and Mr. Cervantes was written up for insubordination and temporarily suspended. Following an investigation, Ardagh demoted Mr. Cervantes from electro-mechanic to forklift driver.

On September 3, 2015, Mr. Cervantes filed a charge with the Illinois Department of Human Rights ("IDHR"). In the section of the form titled "Discrimination Based On," Mr. Cervantes checked only the box for "Retaliation."[2] He did *not* check the box for race, national origin, or any other basis of discrimination. The IDHR commenced an investigation into his allegations, seeking additional information from Mr. Cervantes and from Ardagh. By March 31, 2016, Mr. Cervantes had retained counsel, who sent a letter to IDHR on his behalf in response to the agency's questions about the charge. On July 13, 2016, the IDHR dismissed Mr. Cervantes's charge, finding a lack of substantial evidence to support his allegations.

On December 5, 2016, Mr. Cervantes filed a complaint in the district court. He alleged that Ardagh had violated Title VII and the IHRA by failing to promote him, issuing him performance warnings, and demoting him based on his race and national origin and in retaliation for his previous complaints about harassment and discrimination. Ardagh

---

[2] *See* R.32 at 4 (Mr. Cervantes's IDHR Charge (Sept. 3, 2015)).

moved for summary judgment on all claims, and the district court granted that motion.[3]

The district court first determined that Mr. Cervantes could not proceed on his claims for race and national origin discrimination because he had failed to exhaust his administrative remedies and because these allegations were not reasonably related to his retaliation charge. The district court then concluded that Mr. Cervantes had failed to state a claim for retaliation because he had not established that he engaged in protected activity. He also failed to offer any evidence that his supervisors were aware of any complaints he raised and therefore did not demonstrate a causal connection between any protected activity and an adverse employment action. The district court entered judgment in favor of Ardagh on November 14, 2017, and Mr. Cervantes timely appealed.

## II

## DISCUSSION

We review the district court's grant of summary judgment de novo. *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996). "We will not resolve factual disputes or weigh conflicting evidence," but "will only determine whether a genuine issue of material fact exists for trial." *Id.* As we noted earlier,[4] this inquiry requires that we "view the

[3] In his complaint, Mr. Cervantes also asserted a claim under Illinois state law for intentional infliction of emotional distress. The district court granted summary judgment for Ardagh on that claim, and Mr. Cervantes does not challenge that ruling in this appeal.

[4] *See supra* note 1 and accompanying text.

evidence and draw all inferences in a way most favorable to the nonmoving party." *Id.* "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Id.*

### A.

Mr. Cervantes first submits that the district court erred when it determined that he had not exhausted his administrative remedies for his claims of discrimination based on race and national origin. We cannot accept this argument.

In general, a plaintiff can only bring claims under Title VII or the IHRA that he has included in the original charge filed with the Equal Employment Opportunity Commission ("EEOC") or the IDHR.[5] *Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003). This limitation serves two purposes. It affords the employer some notice of the conduct underlying the employee's allegation. It also "affords the agency and the employer an opportunity to attempt conciliation without resort to the courts." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992).

Here, Mr. Cervantes initially filed a charge with the IDHR and checked only the box for discrimination based on retaliation. He did not check the box for discrimination based on race, national origin, or any other protected characteristic. He described the "particulars" of his charge as follows:

---

[5] The EEOC and the IDHR "have a work sharing arrangement providing that a charge filed with one is deemed cross-filed with the other." *McQueen v. City of Chi.*, 803 F. Supp. 2d 892, 902–03 (N.D. Ill. 2011).

> I began my employment with Respondent [Ardagh] in or around May 1991. My current position is Forklift Driver. A family member filed EEOC Charge No. 210-1998-00397 against Respondent. During my employment, I have been subjected to discipline, harassment, and I have been demoted.

> I believe I have been discriminated against in retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.[6]

In his complaint, by contrast, he alleged that Ardagh had failed to promote him, had issued him performance warnings, and had demoted him based on his race and national origin. He further asserted that, after completing a four-year apprenticeship and working as a "rotating shift mechanic" for several years, "because of his race, the decision makers at the company refused to promote him."[7] He alleged that he "had previously complained to his superiors of discrimination and harassment" based on his Hispanic background, which "led to his superiors issuing poor job performance warnings, about which Cervantes filed grievances with the union because these warnings were retaliatory."[8] He added that "[t]hese superiors were Tom Jones, Maintenance Supervisor, and Don Spells, Shift Supervisor."[9]

---

[6] R.32 at 4.

[7] R.39-4 ¶ 6.

[8] *Id.* ¶ 10.

[9] *Id.*

The district court concluded that the claims of discrimination in Mr. Cervantes's court complaint were outside the scope of his retaliation charge filed with the IDHR. Mr. Cervantes contends, however, that his discrimination claims satisfy a recognized exception for "claims that are 'like or reasonably related' to the EEOC charge, and can be reasonably expected to grow out of an EEOC investigation of the charges." *Sitar*, 344 F.3d at 726 (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc)). As a general matter, we do not consider a retaliation charge to be reasonably related to a discrimination claim. *Id.* The charge and the complaint may be reasonably related if, "at a minimum," they "describe the same circumstances and participants." *Conner v. Illinois Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005).

Mr. Cervantes believes that his discrimination claims in this action are reasonably related to his retaliation charge filed with the IDHR because both involve the same entity (Ardagh), the same conduct (his discipline and demotion), and the same time frame (his tenure at Ardagh). These similarities occur, however, at far too high a level of generality. A simple comparison of his administrative retaliation charge and his court discrimination complaint starkly reveals that they arise out of very different conduct in very different time periods. His administrative retaliation charge focuses on conduct stemming from the 1998 EEOC charge filed by his brother. Mr. Cervantes's discrimination complaint alleges that the adverse employment conduct was based on his race and his own internal complaints about race and national origin discrimination. The allegations in his complaint describe different hostilities that arose at different times, e.g., following his apprenticeship, and that involved different in-

dividuals, namely Jones and Spells. These allegations never were mentioned in the charge. The administrative retaliation charge therefore never gave Ardagh reasonable notice of Mr. Cervantes's discrimination claims, nor did it provide Ardagh and the agency an opportunity to resolve his concerns before they ripened into this suit.

Mr. Cervantes further submits that the March 31, 2016 letter from his attorney to the IDHR in response to an inquiry from the agency expanded the scope of his charge. In the final section of the letter, titled "On the Basis of Retaliation," his counsel wrote that, "After completing his 4 year apprenticeship program and working for several years as a rotating shift mechanic," Mr. Cervantes "desired to be placed on a straight day shift. Yet, because of his race, the decision makers at the company refused to promote him."[10] He added that Mr. Cervantes's "family is of Hispanic background, and he felt that this was the reason he was not being promoted at [Ardagh], despite being as qualified—or more so—than those who were in fact being promoted."[11]

Even if we were to assume that this letter should have alerted the agency investigators to the possibility of discrimination, we must remember that his counsel submitted the letter to the IDHR ex parte; it therefore did not provide Ardagh with any notice of Mr. Cervantes's potential discrimination claims. *See O'Rourke v. Continental Cas. Co.*, 983 F.2d 94, 97 (7th Cir. 1993) (holding that a follow-up memorandum submitted by plaintiff to the EEOC did not enlarge

---

[10] R.39-12 ¶ ZZ1.

[11] *Id.* ¶ ZZ4.

the scope of his charge of discrimination to include a claim for retaliation because, even if his submission "should have alerted the EEOC, [it] did nothing to alert the employer"). Furthermore, the letter indicates that Mr. Cervantes's attorney understood these allegations to be part of a theory of discrimination based on retaliation, as alleged in the IDHR charge, not a separate theory of discrimination based on race and national origin. Where, as here, a plaintiff is assisted by counsel, it is "not unreasonable to require some additional specificity or detail as a condition precedent for permitting" the plaintiff to assert a claim that was not originally included in the administrative charge. *Rush*, 966 F.2d at 1112.

Accordingly, we must conclude that Mr. Cervantes's discrimination claims were not within the scope of his retaliation charge, and that the district court properly granted summary judgment for Ardagh on those claims.

**B.**

We turn next to Mr. Cervantes's retaliation claim. To state a claim for retaliation under Title VII, a plaintiff must "present evidence of (1) a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two." *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016) (quoting *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 687 (7th Cir. 2010)).

Mr. Cervantes contends that he presented sufficient evidence to state a claim for retaliation. He alleged that he complained internally at Ardagh about race and national origin discrimination and that his supervisors subsequently disciplined and demoted him for those complaints. However, his deposition testimony clarified that he made his com-

plaints not to anyone at Ardagh but to the union president and that he did not know whether the union president ever brought his concerns to the attention of anyone at Ardagh.[12] The district court thus correctly concluded that Mr. Cervantes's retaliation claim fails as a matter of law because he did not allege that he engaged in any protected activity. *See, e.g., Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134, 1147 (7th Cir. 1997) (holding that plaintiff did not engage in statutorily protected activity given that "she did not raise the subject of sexual harassment to anyone in authority").

Moreover, even if Mr. Cervantes has alleged that he engaged in protected activity, his retaliation claim still fails because he conceded that none of his supervisors at Ardagh were aware of his complaints. Therefore, there is no "causal connection" between any protected activity and his discipline and demotion. *See, e.g., King v. Ford Motor Co.*, 872 F.2d 833, 842 (7th Cir. 2017) (concluding that plaintiff had "no support for a claim of retaliation" because she failed to "show[] that whoever was responsible for" her reassignments and denials of overtime "was aware of her protected activity or was involved in the later actions").

Finally, Mr. Cervantes maintains that disputed facts, such as whether he agreed to work the second shift on June 20, 2015, and whether Ardagh properly trained him, preclude summary judgment on his retaliation claim. Because any such issues are irrelevant to the undisputed facts that Mr. Cervantes did not complain about discrimination to anyone at Ardagh and that his supervisors were not aware of

---

[12] *See* R.44 at 8.

any complaints he may have made to the union, the district court properly granted summary judgment for Ardagh.

## Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED