**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 23, 2019[*]
Decided April 24, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-2587

| | |
|---|---|
| KEENAN BROWN, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 17 C 393 |
| WAL-MART STORES, INC., | |
| *Defendant-Appellee*. | Ronald A. Guzmán, *Judge*. |

**O R D E R**

Keenan Brown, a former associate in the bakery department at a Wal-Mart store in New Lennox, Illinois, sued the company under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and 42 U.S.C. § 1981, asserting that he was fired because of his race, color, and sex, and in retaliation for filing internal complaints over incidents with coworkers. The district court entered summary judgment for Wal-Mart, and we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Brown, who is African American, did not get along with his colleagues in the bakery department. A month into his employment, he was confronted about his job performance by a coworker. She called him "rug rat" and "boy," and, when Brown pointed his finger at her, she slapped his hand. Brown reported the incident to a manager, who told him that it would be addressed. Brown also filed a complaint about the incident with Wal-Mart's ethics office. Two weeks later, Brown filed a second complaint against his coworker as well as the bakery department's supervisor, who, he believed, retaliated against him for his earlier complaint by assigning him additional duties. Wal-Mart investigated Brown's complaints, concluded that the coworker had acted inappropriately by slapping his hand, and reprimanded her. But Wal-Mart concluded that Brown's claims of retaliation were not substantiated. Meanwhile, Wal-Mart granted Brown's request to be transferred to the electronics department.

Shortly after his transfer, however, Brown was tardy for his shift. His tardiness meant that he had accumulated a certain number of unauthorized absence "points" that, under company policy, subjected him to termination. The next day his new supervisor fired him for accruing too many unauthorized absences.

After receiving a right-to-sue letter from the EEOC, Brown brought this suit asserting discrimination based on his race, color, and sex, as well as retaliatory discharge for filing two internal complaints against his colleagues.

The district court ultimately entered summary judgment for Wal-Mart on all claims. Regarding Brown's discrimination claims, the court found that the record was "devoid" of any evidence that he had been discriminated against based on his sex, color, or race. *See Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). As for Brown's retaliation claim, the court determined that he had not pointed to evidence from which it could be inferred that his discharge was caused by his internal complaints about his coworker and the bakery department's supervisor.

On appeal, Brown first argues that he introduced sufficient evidence from which it could be inferred that his coworker discriminated against him and that the reason for his discharge was merely a pretext to discriminate.[1] Tracking the *McDonnell Douglas Corporation v. Green* framework, 411 U.S. 792, 802–03 (1973), Brown argues that he was

---

[1] Brown also alludes in his brief to age discrimination, but he did not raise this claim before either the EEOC or the district court and therefore has forfeited it. *See Poullard v. McDonald*, 829 F.3d 844, 855 (7th Cir. 2016).

meeting Wal-Mart's legitimate performance expectations because his absences had been authorized by Wal-Mart management. *See David v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 846 F.3d 216, 224 (7th Cir. 2017). But he offered no evidence to dispute Wal-Mart's employment records reflecting that he had accrued four and a half points for his unauthorized absences—and Wal-Mart's policy is to discharge new hires, like Brown, if they accrue four or more points within six months of being hired.

Brown also asserts, generally, that Wal-Mart treated him differently from his similarly situated coworker in the bakery department who slapped his hand and was the subject of his complaints but not fired. But here too he failed to point to evidence to suggest that she was "directly comparable to [him] in all material respects." *Coleman v. Donahoe*, 667 F.3d 835, 846 (7th Cir. 2012) (internal quotations and citations omitted). He did not introduce evidence, for instance, to reflect that she received more than four points for being absent or tardy but was not fired, or that she was a new hire (she was not, she had been working for Wal-Mart for five years).

As for his claim of retaliation, Brown argues that the district court overlooked evidence that Wal-Mart ignored his complaints and chose to selectively enforce its policies to fire him but not his coworker. But as the district court determined, Brown cannot point to evidence of a causal connection between his discharge and his internal complaints, given the absence of any evidence that the supervisor was aware of the complaints. *See Cervantes v. Ardagh Grp.*, 914 F.3d 560, 566–67 (7th Cir. 2019). The electronics department supervisor who fired Brown provided a declaration asserting that he was unaware that Brown had filed any complaints prior to his termination, and Brown presented no evidence to the contrary.

We have considered Brown's remaining arguments, and none has merit.

AFFIRMED