NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 18, 2021[*]
Decided November 23, 2021

**Before**

FRANK H. EASTEBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-1790

| | |
|---|---|
| GWENDOLYN HEARN,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Northern District of<br>Illinois, Eastern Division. |
| *v.* | No. 19-cv-3346 |
| LOUIS DEJOY, Postmaster General,<br>    *Defendant-Appellee*. | Sharon Johnson Coleman,<br>*Judge*. |

**O R D E R**

Gwendolyn Hearn, who is Black, sued her former employer, the United States Postal Service, because she believed that an altercation she had with a coworker created a hostile work environment based on race. The district court entered summary

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

judgment for the defendant, concluding that no evidence showed that the conflict related to Hearn's race and, in any event, USPS had avoided liability by promptly investigating the incident. We affirm.

We recite the facts in the light most favorable to Hearn. See *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 564 (7th Cir. 2019). Hearn, a clerk at USPS, was taking inventory of the stockroom when she got into an argument with a white coworker (who oversaw the inventory process, but who did not supervise Hearn) over a work assignment. Hearn says that the coworker yelled at and poked her, though the coworker denies touching her. Eventually they left the stockroom, at which point a security camera captured Hearn wildly gesticulating with her hands in the coworker's face.

The coworker reported the incident the same day to the facility manager, who promptly started an investigation. The manager viewed the surveillance video and directed a supervisor to interview those involved. The next business day, Hearn also reported the incident to the manager, complaining that it created a hostile work environment. Hearn's report did not prompt a second investigation because, the manager explained, the initial investigation was still ongoing. Over the next few days, the supervisor interviewed Hearn, the coworker, and witnesses.

The manager and supervisor ultimately disciplined both Hearn and the coworker for engaging in "unacceptable conduct." Hearn received a 14-day suspension based on the video that showed her waving her hands in the coworker's face. (Hearn never served the suspension.) The coworker was given a formal warning for raising her voice at Hearn.

Hearn sued USPS, asserting that it should be liable for the coworker's misconduct, which subjected her to a hostile work environment based on race, in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-2. The district court entered summary judgment for USPS, finding no evidence in the record that the coworker made comments or took actions based on Hearn's race. The coworker's conduct may have created a workplace that was unpleasant and uncomfortable for Hearn, but Hearn could not point to any evidence that the harassment related to her race. In any event, the court continued, USPS's prompt investigation of the incident precluded employer liability based on the coworker's actions.

Hearn then sought postjudgment relief, arguing that the court's conclusion about employer liability ignored USPS's failure to open a second investigation based on her

report. The court denied the motion. The court explained that USPS took sufficiently prompt corrective action by conducting one thorough investigation into the event. In any case, Hearn did not attack the court's other basis for summary judgment—the absence of any evidence showing that Hearn's race affected the conflict.

On appeal, Hearn challenges the district court's conclusion that there was no basis for employer liability. But as the district court correctly explained, this argument fails for at least two reasons. First, an employer is not liable for the harassing actions of its non-supervisory employees when it takes prompt action to correct that conduct. *Burlington Indus. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 806 (1998). USPS swiftly and thoroughly investigated the incident—a response that is "the hallmark of a reasonable corrective action." *Hunt v. Wal-Mart Stores, Inc.*, 931 F.3d 624, 630 (7th Cir. 2019) (internal citations omitted). Second, Hearn's argument fails to address the court's independent reason for entering summary judgment—no evidence suggests that the coworker's allegedly hostile acts were based on race. Because Hearn introduced no evidence that her coworker yelled at or poked her because she was Black, the conflict that she describes cannot establish a hostile work environment under Title VII. See *Smith v. Illinois Dep't of Transp.*, 936 F.3d 554, 560–61 (7th Cir. 2019).

We considered Hearn's other arguments, including her argument that USPS tampered with the time stamps on the surveillance video, and none has merit.

AFFIRMED